UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH CLAYTON, | ) |
| --- | --- |
| Petitioner, | ) ) |
| v. | ) No. 4:14CV1878 RLW ) |
| TROY STEELE,[1] | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Kenneth Clayton for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition is fully briefed and ready for disposition.

### I. Procedural History

Petitioner Kenneth Clayton is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center located in Bonne Terre, Missouri ("ERDCC") pursuant to the judgment and sentence of the Circuit Court of St. Louis City, Missouri. (Resp't's Ex. D pp. 51-54) On February 11, 2009, a jury found Petitioner guilty of assault in the first degree and armed criminal action. (Resp't's Ex. B p. 48) On April 3, 2009, the court sentenced him to concurrent terms of twenty-five (25) years' imprisonment on each count. (Resp't's Ex. D pp. 51-54) Petitioner filed a direct appeal, and on April 6, 2010, the Missouri Court of Appeals affirmed the judgment of the trial court. (Resp't's Ex. E) Petitioner then filed Motions to Vacate, Set Aside, or Correct Judgment or Sentence pursuant to Missouri Supreme Court Rule 29.15. (Resp't's Ex. F pp. 5-

---

[1] Troy Steele is now the warden of Eastern Reception, Diagnostic and Correctional Center, where Petitioner is housed. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody." Therefore, Troy Steele's name is substituted as the named respondent in this action. Future pleadings shall reflect this change in the caption.

18) Appointed counsel filed an amended Rule 29.15 motion on February 8, 2010. (*Id.* at pp. 30-49) On September 27, 2010, Petitioner filed a pro se amended Rule 29.15 motion to be added to the motion. (*Id.* at pp. 50-66) On October 9, 2011, the motion court denied Petitioner's motion for post-conviction relief. (*Id.* at pp. 67-71) The Missouri Court of Appeals affirmed the judgment of the motion court in a decision dated November 5, 2013. (Resp't's Ex. I) On November 5, 2014, Petitioner filed the present petition for habeas relief in federal court.

## II. Factual Background[2]

On August 29, 2005 at approximately 2:00 a.m., Chauncey Walker ("Walker" or "Victim") was walking to a store located a few blocks from his home. A man driving a Taurus approached Walker, and Walker declined what he perceived was an offer to sell him drugs. The man stated, "dude up the street tripping off you" and drove away. Walker then decided to return home. While walking home Petitioner rode a bicycle toward Walker and was holding a revolver. Petitioner asked Walker what he was doing, and Walker answered that he was going to the store. Walker began running away, and Petitioner shot him in the right forearm. At the hospital, Walker provided information to the police about the incident and who he believed shot him. Based on conversations with a neighborhood friend, Walker thought the shooter's name was Kenneth Smith. Walker also informed the detective that he and a friend Brian Mabins encountered the shooter a week and half before, and the shooter was driving the same Taurus Walker saw on the day of the incident. Walker was shown two photo line-ups. The first included a photograph of a Kenneth Smith. Walker was unable to identify the shooter in that line-up. However, during the second line-up, Walker positively identified Petitioner as the shooter.

---

[2] The Court sets forth the facts as stated in the Missouri Court of Appeals' Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 84.16(b). (Resp't's Ex. I)

## III. Petitioner's Claims

In his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, Petitioner raises three claims for federal habeas relief. Petitioner argues in Ground One that the trial court erred in admitting evidence of prior bad acts and uncharged crimes and that trial counsel was ineffective for failing to object to admission of this evidence. In Ground Two, Petitioner asserts that the trial court erred in admitting identification testimony procured through impermissibly suggestive law enforcement procedures and that trial counsel was ineffective for failing to object to the identification evidence. Ground Three alleges that the trial court erred in allowing the prosecuting attorney to use a peremptory strike to remove an African-American venireperson.

## IV. Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See also Gee v. Groose*, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *see also Bucklew v. Luebbers* 436 F.3d 1010, 1016 (8th Cir. 2006); *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Williams*, 529 U.S. at 411.

To preserve a claim for federal habeas review, a petitioner must present the claim to the state court and allow that court the opportunity to address petitioner's claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citation omitted). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* A federal court will consider a defaulted habeas claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.*

## V. Discussion

In the instant case, Respondent contends that all three grounds are barred from federal habeas review because they are procedurally defaulted. Further, Respondent asserts that the claims are without merit.

4

## A. Ground One

At the outset, the Court notes that Petitioner appears to raise two separate claims: (1) trial court error in admitting evidence of prior bad acts and uncharged crimes; and (2) ineffective assistance of counsel for failing to object to the admission of this evidence. As such, the Court will discuss each separately.

Respondent contends that Petitioner's claim of trial court error is procedurally barred from federal review because he failed to raise this claim on direct appeal. In his Traverse, Petitioner does not address Respondent's procedural default argument with respect to the admission of evidence of prior bad acts by the trial court. The Court finds that this claim is procedurally defaulted. Petitioner did not raise a claim of trial court error regarding the admission of prior bad acts in his direct appeal. Petitioner's evidentiary claims challenged the sufficiency of the evidence and the identification testimony, not the admission of prior bad acts. (Resp't's Ex. E pp. 2-5, 11-13) Failure to present claims to the Missouri courts at any stage of the direct appeal or post-conviction proceedings constitutes procedural default. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). A federal court lacks the authority to reach the merits of procedurally defaulted claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). Petitioner does not address his procedural default in his Traverse or otherwise claim cause and prejudice or actual innocence. Therefore, this claim is procedurally barred and will be denied.

With respect to his claim that counsel was ineffective for failing to object to the admission of evidence of uncharged crimes or other bad acts, Respondent asserts that Petitioner procedurally defaulted on this claim because he did not properly raise the claim in his Rule 29.15 motion and thus failed to preserve the issue for appellate review. The record shows that the

5

Missouri Court of Appeals reviewed this claim because Petitioner's various post-conviction motions challenged the testimony by Brian Mabins ("Mabins"), a witness for the State. The appellate court reasoned, "[b]ecause both Movant's point on appeal and his 29.15 motion arguments are based on the same testimony and the same general assertion that the challenged testimony constituted evidence of uncharged bad acts, we will review Movant's ineffective assistance allegation as it relates to Mabins' testimony as though it were properly reviewed." (Resp't's Ex. I p. 11) The appellate court found, however, that the claim was not preserved as it pertained to the victim Walker's testimony. (*Id.*)

With respect to Mabins' testimony, the Missouri Court of Appeals concluded:

> Movant fails to allege facts to support his assertion that Mabins' testimony constituted evidence of uncharged bad acts. Movant contends that the challenged testimony "that tended to connect [Movant] with drug dealing had not place at trial." However, Mabins' testimony did not connect Movant to illegal activity. Mabins testified that he and Victim were attempting to purchase marijuana when they encountered Movant, who informed them that he did not have marijuana. Contrary to Movant's assertion, Mabins' testimony tends to demonstrate that Movant was not involved in drug dealing, as he refused to provide drugs to Victim and Mabins. In the absence of a specific connection to a crime, Movant's encounter with Victim and Mabins is insufficient to suggest Movant's involvement in prior bad acts. Sheridan, 188 S.W.3d at 65. Because Mabins' testimony about his and Victim's encounter with Movant was not evidence of prior bad acts, trial counsel was not ineffective for failing to object. See Davidson v. State, 308 S.W.3d 311, 319 (Mo. App. E.D. 2010).
>
> Furthermore, Mabins' testimony was relevant to Victim's identification of Movant. One of Movant's theories of defense at trial was that Victim misidentified the shooter. To develop this defense, during cross-examination of Victim, trial counsel challenged Victim's identification of Movant as the person who shot him. He elicited testimony that the incident occurred "really fast," that Victim was focusing on Movant's gun, clothes, hat, and bicycle during the short confrontation, and that the incident occurred when it was dark outside. Victim testified that on the night of the shooting, he recognized the Taurus as the same Taurus that Movant had driven during their encounter a week and a half earlier. He also testified that he recognized Movant from that encounter. Accordingly, Victim's testimony was relevant to his identification of Movant, and Mabins' testimony further supported the identification of Movant as the shooter. See State v. Lewis, 874 S.W.2d 420, 426 (Mo. App. W.D. 1994). "Failure of trial counsel

> to make a non-meritorious objection does not constitute ineffective assistance of counsel." Littleton v. State, 372 S.W.3d 926, 931 (Mo. App. E.D. 2012). Point denied.

(*Id.* at pp. 11-12)

To establish ineffective assistance of counsel, Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew*, 436 F.3d at 1016 (citing *Strickland*, 466 U.S. at 689). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error. *Id.* at 694; *Bucklew*, 436 F.3d at 1016. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." *Bucklew*, 436 F.3d at 1016 (citation omitted). The question of whether counsel's performance prejudiced the trial need not be addressed if counsel's performance was not deficient; conversely, a court need not reach the question of deficient performance where a petitioner has failed to show prejudice. *Green v. Steele*, No. 4:04-CV-0610 CEJ TCM, 2007 WL 2199644, at *10 (E.D. Mo. July 27, 2007) (citations omitted).

As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). "Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in

*Strickland." Id.; see also Bucklew*, 436 F.3d at 1016 (where state court correctly identifies *Strickland* as the controlling authority, federal courts "address whether the state court unreasonably applied that precedent and whether the state court unreasonably determined the facts in light of the evidence presented.").

Here, Petitioner has failed to demonstrate that trial counsel's performance was deficient and prejudiced the defense. The record shows that Mabins's mention of trying to purchase marijuana from Petitioner was not evidence of uncharged crimes that deprived Petitioner of a fair trial. As noted by the *Clayton* court on post-conviction appeal, "[g]enerally, the State may not introduce evidence of uncharged crimes or other bad acts of the defendant to demonstrate the defendant's predisposition to commit crimes." (Resp't's Ex. I p. 10); *State v. Sheridan*, 486 S.W.3d 358, 362 (Mo. Ct. App. 2015). "However, '[w]here the defendant's involvement in the other crime is speculative, when the defendant is not identified as the perpetrator, or where the other crime is attributed to someone other than the defendant the necessary connection does not exist for application of the rule. State v. McMilian, 295 S.W.3d 537, 540 (Mo. App. W.D. 2009). " (Resp't's' Ex. I. p. 10)

The Court finds that the state court's determination that Mabins' testimony was not evidence of prior bad acts and was relevant to his identification of Petitioner was not contrary to or an unreasonable application of *Strickland*. As found by the Missouri Court of Appeals, Mabins' testimony demonstrated Petitioner's refusal to sell drugs, not that he was a drug dealer, and showed no connection to a crime. Indeed, Petitioner does not assert any connection to a crime but merely speculates that the jury may have inferred Petitioner was a neighborhood drug dealer. (Pet.'s Traverse pp. 9-10, ECF No. 26) Further, the testimony supported Walker's identification of Petitioner, as Petitioner's defense at trial was misidentification. "Counsel's

decision not to object to the evidence does not lie outside the wide range of 'professionally competent assistance' under *Strickland*, because the evidence was, in fact, admissible." *Williams v. Lawrence*, No., 2011 WL 6097127, at *6 (E.D. Mo. Dec. 7, 2011) (citation omitted); *see also Deck v. Steele*, 249 F. Supp. 3d 991, 1029 (E.D. Mo. 2017) ("Post-conviction counsel cannot be ineffective for failing to pursue a non-meritorious claim.").

"Based on the foregoing and the other evidence of record, and considering defense counsel's conduct based on his perspective at the time, [the Court] find[s] that the strong presumption that defense counsel's performance 'falls within the wide range of reasonable professional assistance' is not overcome." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689). Because counsel's performance was not deficient, the Court need not consider the prejudice prong of *Strickland*. *Id.* Thus, the Court finds that Petitioner has failed to demonstrate that trial counsel was ineffective, and this ground is denied on the merits.

Finally, Petitioner contends that trial counsel was ineffective for failing to object to the victim Walker's testimony which allegedly mentioned uncharged crimes. As noted above, the Missouri Court of Appeals did not address this claim because Petitioner failed to properly raise it in his Rule 29.15 motion. (Resp't's Ex. I p. 11) Petitioner acknowledges in his Traverse that the claim is procedurally defaulted. However, Petitioner argues that he can show cause and prejudice for the default based on post-conviction counsel's ineffective assistance for failure to raise the claim.

In *Martinez v. Ryan*, the United States Supreme Court held, "[i]nadequate assistance of counsel at an initial review collateral proceedings may establish cause for a prisoner's procedural

default of a claim of ineffective assistance of counsel." 132 S. Ct. 1309, 1315 (2012). When, as in Missouri,

> a State requires a prisoner to raise an ineffective-assistance- of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

*Id.* at 1318. In addition, to overcome the procedural default, "a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.*

Here, to overcome Petitioner's procedural default, Petitioner must establish that counsel on collateral review was ineffective under *Strickland* and that the ineffective assistance of trial counsel claim is meritorious. The Court finds that Petitioner is unable to demonstrate cause sufficient to overcome the default. As stated above, Petitioner's claims that Mabins' testimony regarding the attempted purchase of marijuana from Petitioner was not evidence of uncharged crimes and was admissible as identification evidence. Petitioner's objection to Walker's testimony is based upon the same encounter and assertion that the challenged testimony was evidence of uncharged bad acts. As with Mabins, Petitioner's allegations fail to demonstrate deficient performance on the part of post-conviction counsel. Because Petitioner's does not have a meritorious ineffective assistance of trial counsel claim, his post-conviction counsel was not ineffective for not raising the issue in Petitioners' Rule 29.15 motion. Therefore, Petitioner is unable to establish cause to overcome the procedural bar. *See Dykes v. Koster*, No. , 2013 WL 6096887, at *6 (E.D. Mo. Nov. 20, 2013) (finding petitioner was unable to rely on *Martinez* to establish cause for his procedural default where petitioner's claims of ineffective assistance of

trial counsel lacked merit). As such, ground one of Petitioner's habeas petition is denied in its entirety.

## Ground Two

For his second ground, Petitioner asserts that (1) the trial court erred in admitting identification testimony procured through impermissibly suggestive law enforcement procedures and (2) that trial counsel was ineffective for failing to object to the evidence. According to the Petition, the victim Walker initially gave a detective the name "Kenneth Smith" as the shooter. However, when shown the first photo lineup which included Kenneth Smith, Walker did not identify anyone as the shooter. Walker continued to share information with the detective that he heard from other people. After being released from the hospital, Walker was shown a second photo lineup and identified the Petitioner as the shooter. Mabins also identified Petitioner as a person he encountered prior to the shooting. Petitioner contends that the photo arrays of suspects shown to Walker and Mabins were unduly suggestive and unlawful.

Petitioner did not include this argument in a motion for a new trial, and thus the Missouri Court of Appeals reviewed the claim for plain error. (Resp't's Ex. E p. 11) The appellate court noted that "[t]he defendant bears the burden of demonstrating the pretrial identification procedure was impermissibly suggestive" and if defendant meets this burden, the court moves to the second step to "'determine whether the suggestive procedures have so tainted the identification as to lead to a substantial likelihood that the pretrial identification was not reliable.'" (*Id.*) (quoting *State v. McElvain*, 228 S.W.3d 592, 601 (Mo. Ct. App. 2007)).

The Missouri Court of Appeals then found that the trial court did not commit error, plain or otherwise, with respect to the admission of identification evidence. The court reasoned:

> Appellant provides four reasons why he believes the police procedures resulted in an unduly suggestive pretrial identification. Appellant claims the

11

> detective wrongfully: (1) failed to conduct any independent investigation; (2) failed to place Appellant in a live physical line up or interview him; (3) acted as the person who prepared and showed the lineup to Walker; and (4) used different pictures of Appellant when showing the photo lineup to Walker and Mabius [sic].
>
> Appellant does not elaborate on the third reason why he believes ths police procedures were unduly suggestive in his argument portion of the brief. This Court will deem abandoned any issues identified in the point relied on that are not supported by argument in the argument portion of the brief. 8000 Maryland, LLC v. Huntleigh Fin. Serv. Inc., 292 S.W.3d 439, 445 (Mo. App. E.D. 2009). Moreover, Appellant fails to cite any authority to support his argument with respect to the other three reasons to demonstrate these were improper and resulted in an unduly suggestive identification. "A point is considered abandoned if a party fails to support a contention with relevant authority or argument beyond conclusions." State v. Edwards, 280 S.W.3d 184, 190 (Mo. App. E.D. 2009) . . . .
>
> As such, we find Appellant failed to carry his burden of demonstrating the police procedures used during identification were unduly suggestive. We need not address the second prong of the analysis with respect to whether the police procedures so tainted the identification as to lead to a substantial likelihood that the pretrial identification was unreliable. Accordingly, we cannot say the trial court committed error, plain or otherwise, with respect to the admission of this evidence. Point denied.

(Resp't's Ex. E p. 13)

As with the state courts, Petitioner has failed to provide any facts or law to support his allegation that the photo identification procedures were unduly suggestive.[3] In any event, the Court first notes that the claim of trial court error for admitting the identification evidence is procedurally barred, as Petitioner failed to raise the claim in his motion for a new trial. The

---

[3] Petitioner is represented by counsel in this matter. The record shows that counsel requested, and was granted, six extensions of time for filing Petitioner's Traverse giving Petitioner nearly 6 months' additional time to file a Traverse. However, the 20-page Traverse addresses only the first and third grounds raised in the Petition and provides no further factual or legal support for his claims regarding the photo identification procedures. The Court thus presumes that Petitioner abandoned these claims. *See Williams v. Armontrout*, 679 F. Supp. 916, 922 (W.D. Mo. 1988), *aff'd in part, rev'd in part*, 891 F.2d 656 (8th Cir. 1989), *reh'g granted and opinion vacated* (Feb. 6, 1990), *on reh'g*, 912 F.2d 924 (8th Cir. 1990), and *aff'd*, 912 F.2d 924 (8th Cir. 1990) (finding claims abandoned where petitioner did not provide any legal or factual support for his claims in the traverse).

12

Missouri Court of Appeals noted that Petitioner conceded that the point was not preserved for appeal but nevertheless reviewed the claim for plain error. However, under Eighth Circuit law, a state court's discretionary plain-error review of unpreserved claims cannot excuse a procedural default. *Clark v. Bertsch*, 780 F.3d 873, 877 (8th Cir. 2015); *see also Floyd v. Griffith*, No. 4:15CV1145 JCH, 2016 WL 199078, at *1 (E.D. Mo. Jan. 15, 2016) (finding petitioner's failure to raise a claim of suggestive identification procedures in a motion for new trial, and the appellate court's review of the claim only for plain error, constituted a procedural default). Thus, the Court finds that this claim of trial court error is procedurally defaulted and will be denied.

With respect to the ineffective assistance of counsel claim for failure to object to the identification evidence, this claim is also procedurally defaulted. The record shows that Petitioner raised only two points on post-conviction appeal: ineffective assistance of counsel for failure to object to the introduction of the victim's medical evidence and to testimony regarding uncharged bad acts. (Resp't's Ex. I p. 3) As previously stated, to preserve a claim for federal habeas review, a petitioner must present the claim to the state court and allow that court the opportunity to address petitioner's claim, and failure to do so renders that claim procedurally defaulted. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citation omitted). Here, Petitioner did not allow the Missouri Court of Appeals the opportunity to address this claim of ineffective assistance of counsel. Thus, the Court may not review his claim absent a showing of cause for the default and actual prejudice or a miscarriage of justice. *Id.* Here, Petitioner does not address this procedural default in his Traverse or otherwise claim cause and prejudice or actual innocence. Therefore, this claim is procedurally barred and will be denied.

## III. Ground Three

Last, Petitioner argues that the trial court erred by failing to evaluate a challenge to the prosecuting attorney's use of a peremptory strike to remove an African-American venireperson. During the trial, the prosecuting attorney used a peremptory strike to remove Ebone Jenkins ("Jenkins") from the panel based on her disinterest in the case and bad attitude toward the prosecutor, along with her lip piercing and hand tattoo. (Pet. p. 9, ECF No. 1) On direct appeal, the Missouri Court of Appeals found, and Petitioner conceded, that the issue had not been preserved for review because Petitioner did not raise the issue in his motion for new trial. (Resp't's Ex. E p. 5) However, the appellate court reviewed the issue for plain error. (*Id.*) The *Clayton* court found that Petitioner properly asserted a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986) by objecting to the State's peremptory strike of Jenkins on the basis of her race. (*Id.* at p. 7) In response, the State offered a facially race-neutral explanation for striking Jenkins. (*Id.*) The court further stated:

> Once the State produced a facially race-neutral explanation, the burden shifted back to Appellant to demonstrate that the prosecutor's proffered explanation was mere pretext for purposeful discrimination. . . . One of the four factors used to determine pretext is the presence of similarly situated white jurors who were not struck from the venire panel. State v. Pointer, 215 S.W.3d 303, 306 (Mo. App. W.D. 2007). This factor is crucial to determining pretext, although not conclusive. Id.
>
> Defense counsel did not challenge the prosecutor's reasons as being pretextual as required by the third step in the Batson analysis. The record reflects the trial court immediately turned to the pretextual analysis, asking, "Are there any similarly situated lip-pierced, hand tattooed non-African American females, [defense counsel]?" Defense counsel answered, "No, Your Honor" and said nothing further with respect to this juror. The trial court ruled it would allow the strike.
>
> Appellant argues in his reply brief he was "thwarted" when attempting to demonstrate the prosecutor's proffered reasons were pretextual because of the trial court's truncated analysis. This argument is unpersuasive given defense counsel's late challenge to the makeup of the venire panel. . . .

14

> . . . It is clear the trial court accepted the prosecutor's explanation in upholding the strike. Moreover, Appellant did not offer any evidence that the strike was pretextual when the strike was initially made or when the prosecutor asked the trial court to clarify its ruling. As such, we cannot say the trial court committed plain error in overruling Appellant's Batson challenge with respect to the striking of this juror. Point denied.

(Resp't's Ex. E pp. 7-9)

In his Traverse, Petitioner argues that trial court erred in not conducting a thorough evaluation of the prosecuting attorney's use of a peremptory strike on Jenkins. Petitioner contends that the trial court's "flippant dismissal of [Petitioner's] equal protection challenge" was not a meaningful *Batson* evaluation. (Traverse p. 17, ECF No. 26)

Failure to raise this issue in his motion for a new trial constitutes a procedural default. As previously stated, a state court's discretionary plain-error review of unpreserved claims cannot excuse a procedural default. *Clark v. Bertsch*, 780 F.3d 873, 877 (8th Cir. 2015). Further, while Petitioner argues the merits of his case, he does not offer any explanation for his failure to raise the claim in a motion for new trial that would demonstrate cause and prejudice or a miscarriage of justice sufficient to overcome the procedural default. Thus, the Court finds Petitioner's third ground is procedurally defaulted and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Kenneth Clayton for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate judgment in accordance with this Order is entered on this same date.

Dated this 16th day of March, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**